**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | |
|---|---|
| **IN RE AFLAC INC. DATA BREACH LITIGATION.** | No. 4:25-CV-00183-CDL |

# STIPULATED PROTECTIVE ORDER

Pursuant to the Plaintiffs' and Defendants' joint request that the Court enter this Stipulated Protective Order, and their agreement that the following limitations and restrictions should apply to documents and information produced for inspection and copying during the course of this litigation, the Court hereby **ORDERS**:

## 1. PURPOSES AND LIMITATIONS

a. Disclosure and discovery activity in the above titled action (the "Action") are likely to involve production of confidential, proprietary, personal, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting and defending this litigation may be warranted. Moreover, the information likely to be the subject of the disclosure and discovery activity in this Action involves unique issues related to privacy, data security, data governance, and data management that will likely be greater than in most cases. It may also contain Plaintiffs' or others' confidential Personally Identifiable Information and/or Protected Health Information (defined below).

b. Accordingly, the undersigned parties hereby stipulate to the Court's entry of this Stipulated Protective Order ("Order"). The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as

set forth below, this Order does not entitle them to file confidential information under seal. Instead, Middle District of Georgia Local Rule 5.4 and of the CM/ECF Administrative Procedures set forth the requirements that must be followed when a party seeks permission from the Court to file Materials under seal.

**2. DEFINITIONS**

a. **"Challenging Party"** means a Party or Non-Party, as defined below, that challenges the designation of information or items under this Order.

b. **"Confidential Information"** means Materials designated as "CONFIDENTIAL" (regardless of how it is generated, stored, or maintained) that qualifies for protection under Federal Rule of Civil Procedure 26(c), contains any individual health information protected by state or federal law, including but not limited to Protected Health Information, and/or contains other personally or competitively sensitive information, including but not limited to non-public Material which contains or discloses information relating to, referencing, or pertaining to proprietary or commercially sensitive information that could do harm to a Party's or Non-Party's business advantage if publicly disclosed (e.g., marketing documents, customer lists, business relationships with other parties and other similar information), personal financial information, Personally Identifiable Information of the type described in Federal Rule of Civil Procedure 5.2, information received in confidence from third parties, and any other Material that is confidential pursuant to applicable law. Any copies or reproductions, excerpts, summaries or other documents or media that contain Confidential Information as defined above shall also be treated as Confidential Information pursuant to this Order.

c. **"Counsel"** means, collectively, In-House Counsel and Outside Counsel, as

defined below.

d. **"Designating Party"** means a Party or Non-Party, as defined below, that designates Materials produced in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

e. **"Document" or Documents"** has the meaning set forth in Federal Rule of Civil Procedure 34 and includes electronically stored information as set forth in the Parties' Stipulation and Order Regarding Discovery of Electronically Stored Information and Hard Copy Records.

f. **"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"** means Confidential Information of a highly sensitive nature (*i.e.*, documents or information regarding, discussing, relating to, or reflecting pricing and business strategy documents, financial statements, sales data, profit margin data, cost and expense data, revenue information relating to specific customers or classes of customers or suppliers, non-public scientific research, contracts, and technical information related to a Party's information security and management, or other categories of information which the parties agree in writing should be designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"), the disclosure of which could create an elevated risk of causing substantial commercial or competitive harm. "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Confidential Information shall also include computer code and associated comments and revision histories, formulas, engineering, specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means. Any copies or reproductions, excerpts, summaries or other documents or media that contain "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Confidential

Information as defined above shall also be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Confidential Information pursuant to this Order.

g. **"In-House Counsel"** means attorneys who are employees of a Party and those attorneys' legal support staff.

h. **"Material(s)"** means all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, documents, testimony, transcripts, and tangible things), and the contents thereof, that are produced, given, exchanged by and among the among the Parties and any non-parties to this Action (whether by formal process, agreement, or otherwise), or generated in disclosures or responses to discovery in this Action and includes, but is not to be limited to: documents; communications; correspondence; memoranda; bulletins; blueprints; diagrams; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; electronic mail and attachments; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and prototypes and other physical objects.

i. **"Non-Party"** means any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

j. **"Outside Counsel"** means attorneys and their support staff who are not employees of a Party but are retained to represent or advise a Party on behalf of that Party or are

affiliated with a law firm representing that Party.

k. **"Party"** means any party to this Action, including its officers, directors, employees, consultants, retained Experts, and Outside Counsel (and their support staff).

l. **"Personally Identifiable Information"** or **"PII"** for purposes of this Protective Order, means any personally identifiable information of the type described in Federal Rule of Civil Procedure 5.2 and including Social Security numbers, financial account numbers, passwords, dates of birth, home addresses, email addresses, and phone numbers.

m. **"Producing Party"** means a Party or Non-Party who discloses or produces Protected Material in this Action.

n. **"Protected Health Information" or "PHI"** means individually identifiable health information, as defined by the Health Insurance Portability and Accountability Act of 1996 (HIPAA) Privacy Rule. 45 C.F.R. § 160.103.

o. **"Protected Material"** means any disclosure or discovery material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

p. **"Qualified Person"** means any person identified in Paragraphs 10 and 11 below that is permitted to receive Protected Material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

q. **"Receiving Party"** means a Party who receives Material from a Producing Party.

**3. <u>SCOPE OF THE ORDER.</u>**

a. This Order governs the use of Protected Material (as defined above) produced during discovery in this Action, including, among other things, documents, depositions, deposition exhibits, interrogatory responses, and responses to requests for admissions. For purpose of this

Order, the Designating Party bears the burden of establishing the confidentiality of all such Protected Material. The protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure (including becoming part of the public record through trial or otherwise), excluding any information that comes into the public domain as a result of a violation of law or of this Order; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

b. Nothing herein shall restrict a recipient permitted to receive Protected Material from making working copies, abstracts, digests and analyses of such Protected Material for use in connection with this Action, but such working copies, abstracts, digests and analyses shall be deemed to have the same level of protection under the terms of this Order as the Protected Material to which they pertain. Further, nothing herein shall restrict a Qualified Person, as identified in Paragraphs 10 and 11 below, from converting or translating such information into machine-readable form for incorporation in a data retrievable system used in connection with this Action, provided that access to such information, in whatever form stored or reproduced, shall be limited to Qualified Persons.

c. Nothing contained in this Order and no action taken pursuant to it shall prejudice the right of any Party to contest the alleged authenticity, relevancy, privilege, admissibility, or discoverability of the Protected Material produced pursuant hereto.

d. Nothing contained in this Order shall (a) affect any Party's or person's right to object to any discovery request, including but not limited to the right to assert that no discovery

should be had of certain documents or information, or to assert any privilege, immunity, protective doctrine, or the work-product doctrine or (b) require the production of any information or communication that a Party contends is protected from disclosure by any privilege, immunity, protective doctrine or the work-product doctrine.

e. Nothing in this Order shall prevent or otherwise restrict Counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of Protected Material; provided however, that in rendering such advice and otherwise communicating with such clients, counsel shall not disclose any item so designated to their clients except pursuant to the procedures and terms set forth in this Order.

f. Nothing in this Order shall impose any restriction on the use or disclosure by a party of its own documents or information.

g. A HIPAA Covered Entity may disclose PHI in the course of a judicial proceeding if certain "satisfactory assurances" are received. This Order provides the requisite satisfactory assurances that HIPAA requires. *See* 45 C.F.R. § 164.512(e)(1)(iv).

h. This Order constitutes a qualified protective order under 45 C.F.R. § 164.512(e)(1)(v)(A)-(B) of HIPAA's Privacy Rule. In accordance with the HIPAA Privacy Rule, this Order allows for the disclosure and receipt of an individual's PHI in the possession of Parties and Non-Parties to this matter for the limited purpose of this Action, including during discovery, at depositions, hearings, trial, or other judicial proceedings. In accordance with the HIPAA Privacy Rule, this Order specifically prohibits Parties and Non-Parties from using or disclosing the PHI received in this case for any purpose other than the Action. 45 C.F.R. § 164.512(e)(1)(v)(A). Also, in accordance with the HIPAA Privacy Rule, the PHI disclosed under this Order, including all copies made, will be returned to the Party or Non-Party that produced it, or will be destroyed at

the conclusion of this Action. 45 C.F.R. § 164.512(e)(1)(v)(B).

**4. DURATION.** Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed the later of (a) dismissal of all claims and defenses in this Action, with or without prejudice; and (b) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. Nothing in this Order shall be construed to contradict any provision of law. The Court retains jurisdiction even after termination of this Action to enforce this Order and to make such amendments, modifications, deletions, and additions as the Court may deem appropriate.

**5. DESGINATING PROTECTED MATERIAL.**

a. The Designating Party shall designate, as appropriate, Protected Material by affixing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page of each document that contains Protected Material. Any such stamp or designation shall not in any manner cover up, overlap upon, obscure, or otherwise conceal any text, picture, drawing, graph, or other communication or depiction in the document. Documents produced in native form shall have a slip sheet stating that the document has been produced in native form. The slip sheet shall include the appropriate confidentiality designation.

b. In the event the Producing Party elects to produce Materials for inspection, no marking need be made by the Producing Party in advance of the initial inspection. Thereafter, upon selection of specified Materials for copying by the inspecting party, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

EYES ONLY") to each document that contains Protected Material, as set forth above.

c. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, designation of Materials that qualify for protection under this Order shall be made before, or at the time of, production or disclosure. An inadvertent failure to designate Materials does not, standing alone, waive the Designating Party's right to secure protection under this Order for such Material. Upon notification of correction to a designation, the Receiving Party must make reasonable efforts to assure that the Material is treated in accordance with the provisions of this Order. Within ten business days of providing such notice, the Producing Party shall provide relabeled copies of the information or items to each Receiving Party reflecting the change in designation, upon receiving the Protected Material with the correct confidentiality legend, the Receiving Party shall securely destroy all Discovery Material reasonably accessible to the Receiving Party that was not designated correctly. The designation or failure to designate Materials as Protected Material at the time of production or otherwise shall not be determinative of that Material's status as trade secret, proprietary, or otherwise as Confidential Information.

d. With respect to any deposition, confidential treatment may be invoked by designating specific pages and/or lines as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on the record at the deposition, or by serving such designations within 30 days after receipt of the final transcript of the deposition in which such Protected Material is disclosed. All deposition transcripts shall be treated as "CONFIDENTIAL" for 30 days following receipt of the final transcript. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

**6. <u>GOOD-FAITH BELIEF.</u>**

a. The Parties and their counsel shall only designate material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this Order when they believe, in good faith, that the Material contains information properly designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as defined above. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly (within 14 days) notify all other Parties that it is withdrawing or amending the mistaken designation.

b. Mass, indiscriminate, or routinized designations are prohibited. Designations shall not be made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties.).

**7. <u>NO OBLIGATION TO OBJECT.</u>** No Receiving Party shall be under any obligation to object to the designation of any document at the time such designation is made or at any time thereafter. No Receiving Party shall, by failure to object, be found to have acquiesced or agreed to such designation or be barred from objecting to such designation at any time.

**8. <u>AMENDING DESIGNATIONS.</u>** If at any time prior to the final judgment in this Action, a Party or Non-Party realizes that previously undesignated or under-designated documents or other Material should be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (including without limitation documents produced by another Party or Non-Party in which the Designating Party has a confidentiality interest), the Party or Non-Party may so designate by advising all other parties in writing. The designated documents or Material will thereafter be treated as so designated pursuant to this Order. Upon receipt of such designation in writing, the Parties and other persons subject to this Order shall take reasonable and

appropriate action to notify any and all recipients of the Materials about the protected status of the newly designated Protected Material and to retrieve the newly designated Protected Material from any person who is no longer permitted by this Order to have such information, or to have that person destroy the information. No Receiving Party shall be under any obligation to object to the designation or re-designation of any document at the time such designation is made or at any time thereafter. No Receiving Party shall, by failure to object, be found to have acquiesced or agreed to such change in designation.

**9.** **USE OF PROTECTED MATERIAL.** All Protected Material, along with the information contained in designated documents, shall be used solely for the purpose of this Action, and no person receiving such documents shall, directly or indirectly, transfer, use, disclose, or communicate in any way the contents of the documents to any person other than those permitted in Paragraphs 10 and 11. Prohibited purposes include, but are not limited to, use in any litigation or proceeding other than in the Action or for competitive purposes. Each Party must make reasonable efforts to protect the confidentiality of any Protected Material disclosed or produced to that Party. Any Party who learns of a breach of confidentiality must immediately use its best efforts to remedy the breach, must promptly (and in no event later than five business days after discovery) notify the Producing Party of the scope and nature of that breach, must inform the persons to whom unauthorized disclosures were made of all the terms of this Order, and must request such persons to execute the Certification attached hereto as Exhibit A.

**10.** **DISCLOSURE OF "CONFIDENTIAL" INFORMATION OR ITEMS.** Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to the following Qualified Persons:

a. the Court, including employees, judges, secretaries, special masters appointed in the action, stenographic reporters, staff, transcribers, and all other personnel necessary to assist the Court in its function, and the jury;

b. the Parties, including In-House Counsel and any director, officer, or employee involved in the prosecution or defense of this Action for Parties which are not natural persons;

c. counsel of record for the Parties, including Outside Counsel, all partners and associate attorneys of such counsel's law firms who are assisting in the conduct of the Action, as well as any other counsel and support personnel of such counsel who may be assisting counsel of record for the parties in the Action, and all clerks, employees, independent contractors, consultants, investigators, paralegals, assistants, secretaries, staff and stenographic, computer, audio-visual and clerical employees and agents thereof when operating under the supervision of such partners or associate attorneys;

d. outside independent persons and/or vendors (i.e., persons not currently or formerly employed by, consulting with, or otherwise associated with any Party) who are retained by a Party or its attorneys to furnish technical or expert services, non-technical jury or trial consulting services, or to provide assistance as mock jurors or focus group members or the like, or to give testimony in this Action;

e. litigation support services vendors, including outside copying services, court reporters, stenographers or companies engaged in the business of supporting computerized or electronic discovery or trial preparation, and their employees and subcontractors, retained by a Party or its counsel;

f. consulting or testifying experts, including associated personnel necessary to assist experts in the Action;

g. persons who created, authored, received, reviewed, or are reasonably believed in good faith to be referenced in or aware of or participated in the events referenced in the Protected Material;

h. persons from whom deposition testimony is taken or is scheduled to be taken in the Action, provided that counsel who discloses Protected Material to the witness determines, in good faith, that such disclosure is reasonably necessary and appropriate to assist in the conduct of this Action, and subject to the terms set forth in this Order regarding the use of Protected Material in depositions;

i. auditors and insurers of the Parties;

j. any mediators or arbitrators, including their necessary staff, engaged by the Parties or appointed in the Action by the Court for settlement purposes;

k. any person as may be authorized by written agreement of the Designating Party, verbal agreement of the Designating Party on the record at a deposition or Court hearing, or by order of the Court.

**11. DISCLOSURE OF "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" INFORMATION OR ITEMS.** Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to the following Qualified Persons:

a. the Court, including employees, judges, secretaries, special masters appointed in the action, stenographic reporters, staff, transcribers, and all other personnel necessary to assist the Court in its function, and the jury;

b. counsel of record for the Parties, including In-House Counsel, Outside Counsel, all

partners and associate attorneys of such counsel's law firms who are assisting in the conduct of the Action, as well as any other counsel and support personnel of such counsel who may be assisting counsel of record for the parties in the Action, and all clerks, employees, independent contractors, consultants, investigators, paralegals, assistants, secretaries, staff and stenographic, computer, audio-visual and clerical employees and agents thereof when operating under the supervision of such partners or associate attorneys;

c. outside independent persons and/or vendors (i.e., persons not currently or formerly employed by, consulting with, or otherwise associated with any Party) who are retained by a Party or its attorneys to furnish technical or expert services, non-technical jury or trial consulting services, or to provide assistance as mock jurors or focus group members or the like, or to give testimony in this Action;

d. litigation support services vendors, including outside copying services, court reporters, stenographers or companies engaged in the business of supporting computerized or electronic discovery or trial preparation, and their employees and subcontractors, retained by a Party or its counsel;

e. consulting or testifying experts, including associated personnel necessary to assist experts in the Action;

f. persons who created, authored, received, reviewed, or are reasonably believed in good faith to be referenced in or aware of or participated in the events referenced in the Highly Confidential – Attorneys' Eyes Only Information;

g. persons from whom deposition testimony is taken or is scheduled to be taken in the Action, provided that counsel who wishes to disclose "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Confidential Information to the witness: (1) determines, in good

faith, that such disclosure is reasonably necessary and appropriate to assist in the conduct of this Action; (2) has reason to believe that the witness has knowledge of the information contained in the document; and (3) provides advance notice to the Producing Party of no less than 24 hours in advance of the scheduled commencement of the deposition of the witness to whom the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Confidential Information is proposed to be disclosed. If the Producing Party objects to the disclosure of the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Confidential Information to the witness, the Producing Party shall so advise counsel who proposes to disclose the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Confidential Information to the witness and those Parties shall meet and confer with respect such proposed disclosure. Any application to the Court to prohibit or limit the proposed disclosure of the witness shall be filed prior to the commencement of the deposition. The use of the information during the deposition shall be subject to the terms set forth in this Order regarding the use of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Confidential Information in depositions;

h. auditors and insurers of the Parties;

i. any mediators or arbitrators, including their necessary staff, engaged by the Parties or appointed in the Action by the Court for settlement purposes;

j. any person as may be authorized by written agreement of the Designating Party, verbal agreement of the Designating Party on the record at a deposition or Court hearing, or by order of the Court

**12.** **<u>CERTIFICATION OF CERTAIN QUALIFIED PERSONS.</u>** Counsel for each Party shall be responsible for obtaining from each Qualified Person to whom that Party discloses Protected Material, except the persons identified in Paragraphs 10.a., b., c., and g. and in

Paragraphs 11.a., b., and f. above, a Certification in the form annexed hereto as Exhibit A before Protected Material is disclosed to such person. An agreement on the record at a deposition to abide by the terms of this Order shall be equally binding as a Certification for persons identified in Paragraphs 10.h. and 11.g. The original of the executed Certification shall be retained by counsel disclosing Protected Material to such person.

**13. <u>COUNSEL'S DUTY FOR DISCLOSING PROTECTED MATERIAL.</u>**

a. The counsel of record disclosing Protected Material to a Qualified Person shall take all necessary steps to ensure that all Qualified Persons receiving Protected Material abide by the terms of this Order and maintain it in a protected and secure manner, with access restricted at all times to Qualified Persons.

b. All information which has been designated as Protected Material by the Designating, Receiving, or Non- Party, and any and all reproductions of that information, must be retained in the custody of the Counsel for the Receiving Party, except that individuals authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

**14. <u>WITHHOLDING OR REDACTING INFORMATION.</u>** A Party may withhold or redact responsive documents or information only if the document or information is subject to a legally recognized claim of privilege (including, without limitation, the attorney-client privilege, the work-product doctrine, and the joint defense privilege).

**15. <u>CHALLENGING PROTECTED MATERIAL DESIGNATIONS.</u>**

a. A Party objecting to designation of any Material as Protected Material (the "Challenging Party") shall give written (e-mail or letter) notice to the Designating Party at any time. Unless a prompt challenge to a Designating Party's confidentiality (or lack of confidentiality)

designation is necessary to avoid foreseeable, substantial unfairness, or a significant disruption or delay to the litigation, a Party does not waive its right to challenge a confidentiality (or lack of confidentiality) designation by electing not to mount a challenge promptly after the designation is disclosed. The Parties agree to limit such objections to documents that the objecting party reasonably anticipates using in this Action.

b. Upon receipt of the written objection describing the basis for each challenge, counsel for the Designating Party shall, within ten business days, provide a written response to the Challenging Party explaining the basis for the designation. The Parties shall meet and confer in good faith to attempt to resolve any dispute without resort to Court intervention.

c. If the Challenging Party and the Designating Party cannot resolve a dispute through such meet and confer discussions, the Designating Party shall file and serve a motion to retain confidentiality within 21 days of the Parties reaching an impasse. Each such motion must be accompanied by a statement affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.

d. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the producing party's designation until the court rules on the challenge.

e. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute. In the event the Court rules that challenged Material was incorrectly designated, the Designating Party shall reproduce copies of all such Materials so designated without the overruled designation at the Designating Party's expense

within 14 business days of the Court's order so ruling.

f. In the event that the final ruling is that the challenged Discovery Material's designation should be changed, the Producing Party shall reproduce copies of all such Discovery Material with the confidentiality designation(s) removed or changed in accordance with the Court's ruling within 14 days after the ruling, unless otherwise agreed upon by the Parties.

**16. NO WAIVER OF PRIVILEGE.** The production of privileged, work-product protected documents or information, or documents or information protected by any other claim of immunity or protection from disclosure is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall provide the maximum protection allowed by Federal Rule of Evidence 502(d) and shall be enforceable and granted full faith and credit in all other state and federal proceedings by 28 U.S.C. § 1738. However, nothing herein restricts the right of the Receiving Party to challenge the Producing Party's claim of privilege.

**17. INADVERTENT DISCLOSURE OF PRIVILEGED MATERIALS.**

a. If a Producing Party discovers that it inadvertently disclosed privileged or otherwise Protected Materials, it shall promptly (within seven business days) notify the Receiving Parties in writing. The Parties shall comply with the requirements set out in Fed. R. Civ. P. 26(b)(5)(B).

b. A Party or Non-Party that discovers or learns that it may have received a privileged or otherwise protected document shall promptly (within seven business days) notify the Producing Party in writing and shall promptly (within seven business days) return or destroy the document without distributing, disseminating, or reproducing the document, and shall retrieve or destroy the document to the extent such document has been distributed, disseminated, or reproduced.

c. A Party's return, deletion, or destruction of information pursuant to this Section does not waive its right to challenge any claim of privilege, confidentiality, work-product

immunity, or other protection. Nothing in this Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing Materials that the attorney knows or reasonably should know to be privileged or otherwise protected and to inform the Producing Party that such Materials have been produced.

**18. REQUEST FOR PROTECTED MATERIAL IN OTHER PROCEEDINGS.** If any Party has received Protected Material under the terms of this Order and receives a request to produce such Protected Material by subpoena or other compulsory process commanding the production of such information, unless barred by law, such Party shall, as soon as practical, but in any event within seven business days of receipt of the subpoena or other compulsory process: (a) provide a copy of the subpoena (or other form of process) to the Designating Party; (b) provide a copy of this Order and notice in writing to the subpoenaing or requesting party that some or all of the Material covered by the subpoena or other compulsory process is subject to this Order; and (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order, the party served with the subpoena or other compulsory process shall not produce any information designated in this Action as Protected Material before a determination by the court from which the subpoena or other compulsory process issued, unless the party has obtained the Designating Party's permission. Nothing herein shall be construed as authorizing or encouraging a Party receiving a subpoena or other compulsory process to disobey a lawful directive from another court.

**19. NON-PARTY'S PROTECTED MATERIAL.** The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such

information produced by Non-Parties in connection with this litigation is protected by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

**20. USE OR FILING OF PROTECTED MATERIAL.**

a. The Parties acknowledge that the designation of information as Protected Material, standing alone, creates no entitlement to file Protected Material under seal. Unless the Designating Party consents in advance to the filing of a document containing Protected Material on the public docket, a Party filing any document containing or otherwise revealing the content of Protected Material must comply with Middle District of Georgia Local Rule 5.4 and CM/ECF Administrative Procedures and the Court's Rules 16 and 26 Order entered on August 12, 2026 (ECF No. 147).

b. All filings shall be a matter of public record and shall only be sealed from public disclosure in limited circumstances by order of the Court. The Court will closely scrutinize all requests for confidentiality protective orders. Even when such requests are deemed appropriate, the Court finds, absent compelling circumstances, that such orders do not apply to exclude evidence from public disclosure when that evidence is relied upon in support of or opposition to any motion or relevant issue in any hearing or trial. There is a presumption that any evidence relied upon in a filed motion or in opposition to any such motion or to be used in a hearing or trial shall be a public record. Accordingly, when materials are to be used in the foregoing manner, a party will not be allowed to demand that materials be filed under seal just because they are covered by this Order. Rather, the party must demonstrate a compelling reason why the materials should be filed under seal.

c. Before a Receiving Party makes any filing that constitutes, contains, or reveals

Protected Material, or uses Protected Material in a hearing or trial, the Receiving Party shall provide written notice to the Designating Party no later than 14 days before submitting the proposed filing or using it in a hearing or trial. The Designating Party shall then have 7 days from the Receiving Party's notice to use designated Confidential Material to object to public disclosure and file a motion to seal the materials. The Receiving Party has 7 days to oppose the motion to seal. Protected Material shall not lose its confidential status when filed under seal.

d. Although any motion to seal must be filed on the public docket, any briefs in support of or opposition to the motion to seal, along with exhibits thereto, may be filed with restricted access so they are accessible only by the Court and the Parties; the parties must contemporaneously file redacted versions of the briefs on the public docket. The parties should not count on a same-day or next-day ruling on a motion to seal. In the meantime, before the Court has had the opportunity to rule upon whether a filing that contains protected material should be permitted to be filed under seal, the Party filing the document that includes the Protected Material shall file that document with restricted access only by the Court and the Parties and shall simultaneously file a redacted copy of the document on the public record that redacts the Protected Material. If a motion to seal is denied, the Court will direct the Clerk to un-restrict the restricted filing

**21. <u>FINAL TERMINATION.</u>** Within 60 days of the termination of the Action, including any and all appeals, counsel for each Party shall return to the Producing Party all documents designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and all copies, excerpts, and summaries thereof, or shall destroy the same. In particular, all documents designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that contain PHI shall either be (i) returned to the HIPAA Covered

Entity or Producing Party that produced such "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in this Action; or (ii) securely destroyed. Notwithstanding the foregoing, counsel for each Party may retain all pleadings, briefs, memoranda, discovery responses, deposition transcripts, deposition exhibits, expert reports, motions, and other documents filed with the Court that refer to or incorporate Protected Material and will continue to be bound by this Order with respect to all such material. Further, attorney work-product Materials that contain Protected Material need not be destroyed, but, if they are not destroyed, the persons in possession of the attorney work-product will continue to be bound by this Order with respect to all such retained Protected Material.

**22. <u>MODIFYING THIS ORDER.</u>** Nothing in this Order shall be construed to prohibit the Parties from agreeing to modify any provision of this Order or seeking relief from the Court (including, but not limited to, modification of the Order or seeking such further enhancing or limiting confidentiality as may be appropriate), nor shall anything in this Order or any Party's compliance herewith be construed as a waiver of any Party's rights under applicable law.

**SO ORDERED, this 23rd day of October, 2026.**

**S/Clay D. Land**
**HON. CLAY D. LAND**
**UNITED STATES DISTRICT JUDGE**

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**COLUMBUS DIVISION**

| | |
|---|---|
| **IN RE AFLAC INC. DATA BREACH LITIGATION.** | No. 4:25-CV-00183 |

**CERTIFICATION**

I,__________________________________[print or type full name], of ______________________________________________________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order ("Order") that was issued by the United States District Court for the Middle District of Georgia on the date set forth in the Order in the case of *In re Aflac Inc. Data Breach Litigation,* Case No. 4:25-CV-00183.

I agree to comply with and to be bound by all the terms of the Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I promise that I will not disclose in any manner any Protected Material that is subject to the Order to any person or entity except in strict compliance with the provisions of the Order.

I will access and review Protected Material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that may be provided to me solely for the purpose of my role in assisting with prosecuting, defending, or attempting to settle this litigation or to comply with judicial process or any applicable statute or regulation and for no other purpose whatsoever. I further agree not to disclose any Protected Material except as allowed by the terms of the Order. I will only make such copies of or notes concerning the Protected Material as are necessary to assist with prosecuting, defending, or attempting to settle this litigation or to comply with judicial process or any applicable statute or regulation in connection with this Action. As soon as practical, but no later than 30 days after final determination of this Action, I shall promptly return to the attorney from whom I have received them or securely destroy or delete all Protected Material provided to me as well as any hard and

electronic copies, abstracts, derivations, compilations, summaries, and any other format reproducing or capturing any of the Protected Material, and if requested to do so, certify the destruction or deletion of all Protected Material. I understand that my obligations pertaining to the Protected Material continue even after the conclusion of the Action.

I understand and agree that all Protected Material designated as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as defined in the Order, is subject to state and federal statutory and regulatory privacy and security standards, including but not limited to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), the Health Information Technology for Economic and Clinical Health Act of 2009 (the "HITECH Act"), and regulations adopted thereunder by the U.S. Department of Health and Human Services, 45 C.F.R. Parts 160, 162, and 164 ("HIPAA Rules").

I also agree that I will develop, implement, maintain, and use appropriate and reasonable administrative, technical, and physical safeguards to preserve the privacy, integrity, and confidentiality of any Protected Material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and to prevent non-permitted use or disclosure of any Protected Material I receive from any person in connection with this case.

I further agree to submit to the jurisdiction of the United States District Court for the Middle District of Georgia for the purpose of enforcing the terms of the Order, even if such enforcement proceedings occur after termination of this Action.

By:___________________________________

Signature

Printed Name:___________________________

Date:__________________________________